UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUAN ORTIZ-RIVERA,

        Plaintiff,

v.                                              Case No. 3:22-cv-490-BJD-LLL

SGT. JAMES LINGOLD,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Juan Ortiz-Rivera, an inmate of the Florida penal system, initiated this action by filing a one-page document titled, "Emergency T.R.O." (Doc. 1). Plaintiff asserts Sergeant James Lingold verbally harassed and threatened him on April 27, 2022, in retaliation for Plaintiff filing a PREA grievance and purposely deprived Plaintiff of his morning meal on April 28, 2022. Plaintiff contends the meal deprivation caused him emotional distress and to have "minor suicidal thoughts." Plaintiff requests that the Court issue a temporary restraining order against Sergeant Lingold to assure his safety and security.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the

movant] bears the 'burden of persuasion.'"[1] <u>Wreal, LLC v. Amazon.com, Inc.</u>, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

<u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" <u>Siegel</u>, 234 F.3d at 1176.

Plaintiff is not entitled to injunctive relief. Significantly, he has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct

---

[1] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued <u>ex parte</u>, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). <u>See also</u> M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

sought to be enjoined, and include a supporting memorandum of law. See M.D. Fla. R. 6.01, 6.02.

Procedural deficiencies aside, however, Plaintiff asserts no facts suggesting he faces an imminent threat of harm but instead complains about past harm (denial of a meal and a verbal threat). Plaintiff's failure to demonstrate irreparable harm, alone, justifies denial of his motion because "[a] showing of irreparable harm is 'the sine qua non of injunctive relief.'" Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990). Meaning, without a showing of irreparable harm, a request for injunctive relief fails.

Additionally, it is unclear whether Plaintiff first sought relief through the prison grievance process. Plaintiff should know that an inmate's attempt to bypass proper procedures is relevant to a court's consideration of a request for injunctive relief. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them.").

3

For the foregoing reasons, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of May 2022.

*[signature]*

BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Juan Ortiz-Rivera